**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**＊ ＊ ＊**

OSCAR JOHNSON, *et al.*,               )
                                       )
                    Plaintiffs,        )
                                       )        Case No. 2:13-cv-01514-MMD-VCF
vs.                                    )
                                       )        **O R D E R  AND**
                                       )        **REPORT & RECOMMENDATION**
PINEWOOD APARTMENTS, *et al.*,         )
                                       )        (Application to Proceed *In Forma*
                                       )        *Pauperis* #1 and Screen Complaint #1-1)
                    Defendants.        )
_____)

Before the court is plaintiff Oscar Johnson's Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

### I.     *In Forma Pauperis* Application

Plaintiff Oscar Johnson asserts in his application to proceed *in forma pauperis* that he makes $771.40 a month, has $10.00 in his bank, and receives disability income of $516.40 and veterans affairs compensation of $255.00 a month. (#1). He also asserts that he has monthly expenses of $495.00 for rent, $34.00 for transportation, $40.00 for utilities, $20.00 for laundry, and $50.00 for hygiene. (*Id.*) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

### II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under 28 U.S.C. § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## A.    Plaintiff's Claims

As an initial matter, the court notes that Oscar Johnson appears to bring this action on behalf of himself and as a third-party representative of the Department of Health and Human Services. Two factual elements determine whether third-party standing is appropriate: (1) "the relationship of the litigant to the person whose right he seeks to assert," and (2) "the ability of the third party to assert his own right." *Singleton v. Wulff*, 428 U.S. 106, 114-116 (1976). In this case, Johnson has not argued or pled facts sufficient to find that he has a relationship with the Department of Health and Human Services. Similarly, Johnson has not argued or pled facts that the Department of Health and Human Services is unable to assert its own rights in this case. Consequently, the court finds that Johnson does not have standing to assert any claims on behalf of the Department.

Plaintiff's complaint names as defendants Pinewood Apartments and its managing agent. (#1-1). Plaintiff asserts that the defendants failed to address a "bathtub half full of unreasonable foul odor." (*Id.*) Plaintiff states that the odor from these "toxic chemical fumes" caused him to cough and spit up blood, be hospitalized, and now have a permanent disability. (*Id.*) Johnson further alleges that he

"suffered mental and emotional trauma." (*Id.*)  The complaint is titled "Complaint for Breach of Contract" and alleges that the defendants owed Johnson "a duty to reasonable care to eliminate dangers and defects conditions (sic)." (*Id.*)  For the reasons discussed in more detail below, plaintiff's complaint should be dismissed because the court lacks jurisdiction to hear the case.

### 1.  Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  The presence or absence of federal–question jurisdiction is governed by the "well–pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987).  Under the well–pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Plaintiff Johnson alleges a breach of contract under Article III of the United States Constitution, the 14th Amendment, Rule 2 of the Federal Rules of Civil Procedure, and five sections of the Nevada Revised Statutes. (#1-1).  These sources neither address breach of contract nor create jurisdiction in the federal courts.  Further, a breach of contract claim invokes state court jurisdiction, not federal court jurisdiction.

If this court interprets the 14th Amendment claim to be a civil rights claim under 42 U.S.C. § 1983, the plaintiff still does not establish federal court jurisdiction under 28 U.S.C. § 1331.  The 14th Amendment provides for civil rights protection of individuals.  U.S. CONST. amend. XIV, § 1.  42 U.S.C. § 1983 allows access to federal court when one has been a victim of a civil rights violation.  To assert a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of

state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff does not allege that defendants acted under color of state law, and the defendants in no way represent the state, city, or county in their roles as owner or manager of an apartment complex. (#1-1). Thus, plaintiff fails to state a claim under § 1983. Plaintiff's claim, therefore, does not invoke this court's federal question jurisdiction under 28 U.S.C. § 1331.

### 2.      Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Here, plaintiff Johnson asserts that he is a resident of the state of Nevada and provides the court with a Las Vegas address. (#1-1). According to the complaint, defendants Pinewood Apartments and its managing agent are incorporated in Nevada. (*Id.*) Since the parties are citizens of the same state, there is no diversity and the court does not have jurisdiction under 28 U.S.C. § 1332. Plaintiff's state law claims under the Nevada Revised Statutes are, without diversity jurisdiction, insufficient to allow access to federal court.

As the court does not have jurisdiction over plaintiff's claim, and jurisdiction cannot be established through amendment, the court recommends dismissing the plaintiff's complaint with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff Oscar Johnson's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

IT IS RECOMMENDED that the Clerk of the Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be DISMISSED WITH PREJUDICE.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of September, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**