UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR JOHNSON, et al., | Case No. 2:13-cv-01514-MMD-VCF |
| Plaintiffs, | ORDER |
| v. | |
| PINEWOOD APARTMENTS, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of the Honorable Cam Ferenbach, United States Magistrate Judge, entered on September 13, 2013 (dkt. no. 3), regarding Plaintiff's Motion for Leave to Proceed *in forma pauperis* (dkt no. 1) and Plaintiff's Complaint (dkt. no. 1-1). The R&R recommends that Plaintiff's Application for Leave to Proceed *in forma pauperis* be granted, but that Plaintiff's Complaint be dismissed with prejudice.

Plaintiff Oscar Johnson filed an "Answer to Report and Recommendation" on September 18, 2013 (dkt. no. 4), which the Court will construe as an objection to the R&R. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to

which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Court, construing Mr. Johnson's "Answer" as a timely objection, finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Ferenbach's R&R. Specifically, Mr. Johnson objects to Magistrate Judge Ferenbach's finding that the Complaint fails to establish jurisdiction and he argues that jurisdiction is proper in this case under 28 U.S.C. § 1345.

Jurisdiction exists under 28 U.S.C. § 1345 when a case is "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." *Id.* It appears that Mr. Johnson's argument is that this requirement is met because he has listed the Department of Health and Human Services as a plaintiff. While *pro se* litigants have the right to plead and conduct their own cases personally, *see* 28 U.S.C. § 1654, they have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A representative of the Department of Health and Human Services did not sign the Complaint, nor is there

any indication that the Department has consented to be a plaintiff in this suit. The Court therefore does not consider the Department to be a plaintiff and Mr. Johnson cannot establish jurisdiction under 28 U.S.C. § 1345.

The Court agrees with the R&R that there is no jurisdiction under 28 U.S.C. § 1331, as Mr. Johnson has asserted exclusively state law claims, or under 28 U.S.C. § 1332, as the parties are not diverse. This Court therefore finds good cause to adopt the Magistrate Judge's Recommendation in full.

It is hereby ordered that Magistrate Judge Ferenbach's Report and Recommendation (dkt. no. 3) is accepted and adopted.

It is therefore ordered that Plaintiff's Complaint (dkt. no. 1-1) is dismissed with prejudice.

The Clerk of the Court is instructed to close this case.

DATED THIS 3rd day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE